Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| MAGDA NARAH MARTÍNEZ SALAS<br><br>Recurrida<br><br>VÍCTOR GALÁN FUNDORA<br><br>Peticionario<br><br>Ex Parte | KLCE202300805 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Familia y Asuntos de Menores de Bayamón<br><br>Caso Núm.: DDI2014-1238<br><br>Sobre: Divorcio |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Jueza Mateu Meléndez y el Juez Marrero Guerrero.

Rodríguez Casillas, juez ponente.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 27 de septiembre de 2023.

Comparece ante nos el Sr. Víctor Galán Fundora (señor Galán Fundora o peticionario) mediante el recurso de *certiorari* para que revisemos la *Resolución* que emitida el 13 de junio de 2023,[1] por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI). Allí, se declaró *No Ha Lugar* la reconsideración instada por el peticionario ante la imposición de pago por $5,000.00 en concepto de honorarios de abogado en una acción por incumplimiento con el pago de la pensión alimentaria.

Por los fundamentos que se exponen a continuación, resolvemos denegar el auto de *certiorari*. Veamos.

**-I-**

El **15 de noviembre de 2022**, el señor Galán Fundora radicó *"Moción En Solicitud a Crédito por Renuncia de Hogar Seguro y Pagos Realizados en un Claro Enriquecimiento Injusto a Favor de la Co-*

---

[1] Notificadas el 16 de junio de 2023.

Número Identificador
RES2023_____

*Peticionaria y en Abuso del Beneficio de Alimento del Menor …".*[2] En síntesis, adujo que hubo un enriquecimiento por parte de la Sra. Magda Narah Martínez Salas (señora Martínez Salas o recurrida), dado que, desde el mes de marzo 2022, la recurrida y el menor (hijo de ambos) se habían mudado a un apartamento, pero abandonaron la propiedad declarada como Hogar Seguro;[3] mientras, el peticionario realizaba el pagó de la hipoteca. Razón por la cual, solicitó un crédito ya que la propiedad fue arrendada a un tercero.

Por otra parte, el **17 de enero de 2023** la señora Martínez Salas presentó: *"Moción Solicitando el Desacato y Retiro de Fondos".*[4] Entre otras cosas, adujo, que el señor Galán Fundora debía la cantidad de $3,750.00 en concepto de pensión alimentaria del menor. No obstante, el peticionario incumplía con su obligación de pago de pensión alimentaria, razón por la cual, el **9 de marzo de 2023** la recurrida presenta una segunda: *"Moción se Ordene el Arresto y Encarcelamiento del Alimentante".*[5] Arguyó que, a marzo de 2022 el padre alimentante adeudaba la cantidad de $15,000.00. Todavía sin resultado, la recurrida presentó un tercer escrito en el que reiteró nuevamente el incumplimiento del peticionario y señaló la suma adeudada por alimentos de $16,500.00 más los intereses por mora.[6]

La vista de desacato fue celebrada el **13 de abril de 2023**, en la cual, el señor Galán Fundora aceptó no haber pagado la pensión básica desde diciembre 2022. Evaluados los planteamientos de las partes, el TPI emitió varias resoluciones el **24 de abril de 2023**.[7] En

---

[2] Apéndice del *Certiorari*, págs. 1 – 3.
[3] Dicha propiedad había sido declarada Hogar Seguro del menor en la *Resolución* emitida el 8 de octubre de 2019. Dicha *Resolución* modificaba los asuntos de pensión alimentaria y establecía en específico que gastos el padre estaría sufragando del menor. Véase, además, Apéndice del *Certiorari*, págs. 10 – 23.
[4] Apéndice del *Certiorari*, págs. 4 – 5.
[5] Apéndice, págs. 6 – 7.
[6] Apéndice, págs. 8 – 9.
[7] Apéndice, págs. 10 – 23, 24 – 25.

lo pertinente, le ordenó al peticionario pagar la cantidad de $3,750.00 que adeudaba en concepto de pensión alimentaria.[8]

No obstante, el **10 de mayo de 2023** la señora Martínez Salas incoó un escrito de reconsideración y solicitó honorarios de abogado.[9] Evaluado el asunto, el **12 de mayo de 2023** el TPI le impuso al señor Galán Fundora el pago de $5,000.00 en concepto de honorarios de abogado.[10]

Inconforme, el **30 de mayo de 2023** señor Galán Fundora presentó una *"MOCIÓN SOLICITANDO LA RECONSIDERACIÓN DE IMPOSICIÓN DE HONORARIOS DE ABOGADO POR SER EXCESIVOS".*[11] En síntesis, alegó que la cantidad de $5,000.00 por honorarios de abogado era excesiva y solicitó se reconsiderara y se estableciera una no mayor de $300.00.

El **13 de junio de 2023**,[12] el TPI determinó *No Ha Lugar* la reconsideración de imposición de honorarios de abogado.[13]

El **17 de julio de 2023** el señor Galán Fundora recurre ante nos y señala el siguiente error:

> *ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA EN LA IMPOSICIÓN DE $5,000.00 DE HONORARIOS DE ABOGADO A TENOR CON LA LEY DE SUSTENTO DE MENORES, PUES DICHA CUANTÍA ES IRRAZONABLE, EXAGERADA Y NO GUARDA RELACIÓN CON EL TIEMPO LEGAL INVERTIDO EN LA RESOLUCIÓN DE LA CONTROVERSIA DE DESACATO POR PENSIÓN BÁSICA RESUELTA, ABUSANDO DE SU DISCRECIÓN JUDICIAL.*

El **21 de agosto de 2023** la señora Martínez Salas se opuso.

-II-

-A-

El *certiorari* constituye un vehículo procesal de naturaleza discrecional que nos permite como tribunal de mayor jerarquía

---

[8] Apéndice, págs. 24 – 25.
[9] Apéndice, págs. 26 – 30.
[10] Apéndice, pág. 37.
[11] Apéndice, págs. 31 – 35.
[12] Notificada el 16 de junio de 2023.
[13] Apéndice, pág. 36.

revisar las determinaciones del tribunal de primera instancia.[14] La *discreción* es el poder para decidir en una forma u otra; es decir, para escoger entre uno o varios cursos de acción.[15] En ese sentido, la Regla 52.1 de Procedimiento Civil,[16] delimita las instancias en que habremos de atender las resoluciones y órdenes emitidas por los tribunales de instancia, a saber:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. […].*

Para que podamos ejercer de manera sabia nuestra discrecionalidad, Regla 40 del Reglamento del Tribunal de Apelaciones,[17] nos brinda los siguientes criterios:

> *El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:*
>
> (A) *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> (B) *Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> (C) *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
> (D) *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
> (E) *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
> (F) *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del*

---

[14] *Municipio Autónomo de Caguas v. JRD Construction, Inc., et al,* 201 DPR 703, 711 (2019); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).
[15] *García v. Asociación,* 165 DPR 311, 321 (2005).
[16] *Reglas de Procedimiento Civil* 2009, 32 LPRA Ap. V., R. 52.1.
[17] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.

*pleito y una dilación indeseable en la solución final
del litigio.*

(G) *Si la expedición del auto o de la orden de mostrar
causa evita un fracaso de la justicia.*

Al palio de nuestra discreción judicial, el Tribunal Supremo de P.R., ha dispuesto que:

*[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[18]

De manera, que si la actuación del TPI no está desprovista de base razonable ni perjudica los derechos sustanciales de las partes, deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[19]

**-B-**

Al igual que la cuantía de los alimentos que se fije a favor del menor debe resultar razonable, de igual forma la suma correspondiente a los honorarios de abogado —que es parte de los alimentos a los que tiene derecho el menor alimentista— debe regirse por el criterio de la razonabilidad.[20]

En consecuencia —no procede intervenir con los honorarios de abogado que conceda el foro primario— salvo que la partida concedida sea irrazonable.[21] Ciertamente, la extensión del pleito es un factor a considerar al fijar los honorarios de abogado a favor del menor alimentista.[22] Sin embargo, pueden existir otros factores asociados al curso de los procedimientos y las circunstancias del caso en particular, que incidan en el criterio del juzgador en el ejercicio de establecer una cuantía de honorarios justa y razonable.[23]

---

[18] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[19] *SLG Zapata- Rivera v. J.F. Montalvo*, 189 DPR 414, 434 – 435 (2013).
[20] *Llorens Becerra v. Mora Monteserín*, 178 DPR 1003, 1035 (2010).
[21] *Id.*
[22] *Id.*, en la págs. 1035 – 1036.
[23] *Id.*, en la pág. 1036.

**-III-**

En señor Galán Fundora indica que el TPI erró al imponerle el pago de $5,000.00 en concepto de honorarios de abogado. Arguye que dicha cuantía es irrazonable, exagerada y no guarda relación con el tiempo legal invertido; en consecuencia, solicita que se expida el recurso de *certiorari* y se modifique dicha cuantía.

Surge del expediente el reiterado incumplimiento del señor Galán Fundora con el pago de la pensión alimentaria, desde el **17 de enero de 2023**, cuando la señora Martínez Salas hizo la primera —de tres solicitudes— que culminó en la celebración de una vista de desacato el **13 de abril de 2023** en la que el peticionario aceptó que adeudaba el pago de la referida pensión alimentaria; razón por la cual, el **24 de abril de 2023** el TPI ordenó el pago de $3,750.00 por dicho concepto. No es hasta el **12 de mayo de 2023** que —a solicitud de la recurrida— se le impone el pago de $5,000.00 en honorarios de abogados.

Nos parece razonable la cantidad impuesta por concepto de honorarios de abogado, dado el reiterado incumplimiento del señor Galán Fundora con su obligación alimentaria y el tiempo transcurrido para que cumpliera con la misma. Razón por la cual, no encontramos fundamento para entender que el TPI abusó de su discreción o actuó con prejuicio, parcialidad o error manifiesto. Así, denegamos la expedición del auto de *certiorari* solicitado.

**-IV-**

Por lo fundamentos antes expuestos, se deniega la expedición del auto de *certiorari.*

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones